U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 10 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JAMES BERNARD TRUMAN     DOCKET NO: 15-CV-1194; SEC. P

VERSUS     JUDGE DRELL

JAMES LEBLANC, ET AL.     MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se plaintiff James Bernard Truman, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 15, 2015. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections. He is presently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, but complains about incidents that allegedly took place while he was incarcerated at the Avoyelles Correctional Center. He names as defendants James LeBlanc, Nathan Cain, Steven Bordelon, Lt. Scott, Lt. Guillot, Officer Temple, Glenn Jones, Paul Gaspard, Jamal Leblue, and Jermaine J. Owens. He complains that the defendants failed to protect him from harm inflicted by another inmate.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Factual Allegations

Plaintiff alleges that, on March 26, 2014, he was reading in bed when two inmates, Jamal Leblue and Jermaine Owens, entered

Plaintiff's tier. The inmates approached Plaintiff's bunk and attacked him, shattering his eyeglasses and cutting Plaintiff's face. The inmates stole Plaintiff's property, including his large commissary purchase from earlier that day. Plaintiff alleges that, at the time of the attack, the doors to all tiers were open because of "chow coming and going, and recreation going on at the same time." Plaintiff alleges that, although officers are supposed to be stationed outside of each tier, the officers regularly congregate at a desk on the opposite side of the key from where the attack took place. [Doc. #1, p.5-6] At the time of the attack, Lt. Scott, Msgt. Temple, and Sgt. Glenn Jones were all relaxing at Lt. Scott's table at the entrance of the building. [Doc. #1, p.5] He states that Capt. Bordelon arrived after the attack.

Plaintiff was escorted to the medical department, and he was transported to the hospital in Marksville, where he received six stitches. [Doc. #1, p.21]

Plaintiff summarizes his claims in this suit as follows: (1) Defendants Scott, Guillot, Jones, and Temple failed to protect Plaintiff from an attack by fellow prisoners; (2) Defendants Scott, Guillot, Jones, and Temple knew of overcrowding conditions and their failure to follow their own rules, regulations, and policies, resulting in Plaintiff's injuries; (3) all Defendants knowingly placed Plaintiff in a situation of danger from Leblue and Owens who were known to be aggressive and violent; and (4) Defendants

LeBlanc, Cain, Gaspard, and Bordelon exposed Plaintiff to conditions of overcrowding and being housed with dangerous inmates in violation of the constitution.

### Law and Analysis

Prison officials have a duty, under the Eighth Amendment, to protect prisoners from violence at the hands of other prisoners. <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994); <u>Johnston v. Lucas</u>, 786 F.2d 1254, 1259 (5th Cir. 1986). However, not every injury suffered by a prisoner at the hands of another rises to the level of a constitutional violation. <u>See</u> <u>Farmer,</u> 511 U.S. at 834. The Eighth Amendment mandates 'reasonable' safety, not 'absolute' safety. <u>See</u> <u>Newton v. Black</u>, 133 F.3d 301, 307 (5th Cir. 1998).

Plaintiff names as defendants James LeBlanc, Virgil Lucas, Capt. Maxwell, Officer Henry, Officer Anderson, and Warden Tim Keith. He does not state how each named defendant is liable for failing to protect Lathers from harm inflicted by inmate Mitchell. He claims that the disciplinary report and grievance response forms all falsely state that Anderson and Prince broke up the fight.

Prison officials have a duty, under the Eighth Amendment, to protect prisoners from violence at the hands of other prisoners. <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994); <u>Johnston v. Lucas</u>, 786 F.2d 1254, 1259 (5th Cir. 1986). However, the Eighth Amendment mandates 'reasonable' safety, not 'absolute' safety. <u>See</u> <u>Newton v. Black</u>, 133 F.3d 301, 307 (5th Cir. 1998). To succeed on a

failure-to-protect claim, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm and that the prison officials acted with deliberate indifference to the inmate's safety." <u>Johnson v. Johnson</u>, 385 F.3d 503, 524 (5th Cir. 2004)(internal quotation marks and citation omitted). It is not enough that an official should have inferred the risk posed to an inmate; instead, the official must draw such an inference. <u>See</u> <u>Adames v. Perez</u>, 331 F.3d 508, 514 (5th Cir. 2003). Therefore, to establish an Eighth Amendment "failure to protect" violation, the inmate must show that the prison official acted or failed to act *despite his knowledge of a substantial risk of serious harm*. <u>Farmer</u>, 511 U.S. at 841.

Plaintiff does not allege that any of the defendants were aware that Jamal Leblue or Jermain Owen posed a substantial risk of serious harm to Plaintiff. In fact, Plaintiff was not aware that these inmates posed a substantial risk to his safety. An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment. <u>See</u> <u>Farmer</u>, 511 U.S. at 837.

Plaintiff had no prior incidents with the inmates. Although he claims that he later heard that Leblue and Owen had robbed others in jail before, his allegations are speculative. Plaintiff alleges that AVC is overcrowded, but he does not allege how that played any

4

part in his attack. He also claims that he was attacked because there was no officer at the door of his tier. The claims that the incident would not have happened had an officer been near the door of the tier or had there been fewer inmates house at AVC are conclusory. Regardless of the location of the officers or the number of inmates present, Plaintiff specifically acknowledges that *the assailants attacked him because they wanted his property, including "the large canteen purchase [Plaintiff] had made that day."* [Doc. #1, p.20](emphasis added)

As Plaintiff was informed, an official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. "Prisons are necessarily dangerous places; they house society's most antisocial and violent people in close proximity with one another. Regrettably, '[s]ome level of brutality and sexual aggression among [prisoners] is inevitable no matter what the guards do ... unless all prisoners are locked in their cells 24 hours a day and sedated." See Farmer 511 U.S. 858-9, J. Thomas, *concurring*; citing McGill v. Duckworth, 944 F.2d 344, 348 (CA7 1991). According to his own words, Plaintiff was a target because of his large canteen purchase. He does not state that the defendants were aware that he had made such a large canteen purchase that day. Even if the defendants should have been aware of the risk, the Fifth Circuit has declined to find deliberate

5

indifference when an official should have inferred the risk posed to an inmate. Instead, the official must actually draw such an inference. See <u>Adames v. Perez</u>, 331 F.3d 508, 514 (5th Cir. 2003). An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot be condemned as the infliction of punishment. See <u>Farmer</u>, 511 U.S. at 837.

The failure of the defendant officers to maintain their posts amounts to a claim of negligence, which is not actionable in §1983 cases. See <u>Daniels v. Williams</u>, 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (concluding that the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); <u>Neals v. Norwood</u>, 58 F.3d 530, 533 (finding allegations that prison officials negligently jeopardized an inmate's safety insufficient to state a failure-to-protect claim under §1983). Plaintiff states that the tier doors were open in violation of AVC and DOC policy, but he also states that the doors were open because it was "chow" and recreation time. Even if the officers violated DOC policy, "[a] violation of a prison regulation without more does not state a constitutional violation." <u>Gibson v. Fed. Bureau of Prisons</u>, 121 Fed. Appx. 549, 551 (5th Cir. 2004)(<u>citing</u> <u>Edwards v. Johnson</u>, 209 F.3d 772, 779 (5th Cir. 2000)).

Plaintiff also names as defendants the inmates who attacked

6

him.  However, the inmates are not state actors against whom Plaintiff can bring a civil rights suit under §1983.

Plaintiff names James LeBlanc, Nathan Cain, Steven Bordelon presumably because of their supervisory roles with respect to AVC. First, any claims against James LeBlanc in his official capacity are barred by sovereign immunity. A suit against a state official or employee in his or her official capacity is actually a suit against the state itself. See Hafer v. Melo, 502 U.S. 21, 25 (1991). Plaintiff does not state a claim against James LeBlanc in his individual capacity, as he presents no allegations involving LeBlanc with regard to the alleged deprivation. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir.2002) (citation omitted). "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In this case, Plaintiff has made no factual allegations whatsoever of the personal involvement of James LeBlanc.

Plaintiff also names as defendants Warden Nathan Cain and Steven Bordelon. Liability under section 1983 cannot be established

solely on a theory of respondeat superior[1]. See <u>Monell v. New York City Dept. of Social Servs.</u>, 436 U.S. 658, 691 (1978)(finding no vicarious liability for a municipal "person" under 42 U.S.C.1983; <u>Robertson v. Sichel</u>, 127 U.S. 507, 515-516 (1888)("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties."). Because vicarious liability is inapplicable to §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009). There are no allegations of personal involvement by the warden or Steven Bordelon with regard to the attack on Plaintiff for his canteen purchase.

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B) and 1915A.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and

---

[1] The doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency. Black's Law Dictionary (9th ed.2009).

Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of June, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE